FILED
SUPERIOR COURT
OF GUAM

2020 DEC 21 PM 4: 31

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0490-17**<br>GPD Report No. 17-23706 |
| v. | |
| CARSON HERMAN,<br>DOB: 10/06/1992 | **DECISION AND ORDER GRANTING THE PEOPLE'S MOTION FOR SANCTIONS** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III for hearing on the People of Guam's ("the People's") Motion for Sanctions ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Public Defender Rocky Kingree represents Defendant Carson Herman ("Defendant"). Having duly considered the briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's Motion.

## BACKGROUND

On January 6, 2020, the Court commenced a jury trial for this matter. On January 8, 2020, after the close of both parties' cases, the Court oversaw closing arguments. During Attorney Kingree's closing argument on behalf of Defendant, Attorney Kingree made the following remarks:

- 11:03:44am: "I already knew he would fall on his face about the child. I knew he would trip and fall right into something because the prosecutor will sell you something. He is a man that will sell a ketchup snow cone to a woman with white gloves. A lot of people would call it cheap."

\

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 1 of 7

- 11:04:00am: "Used car salesman stuff. Don't trust [Attorney Brown]. He will tell you something that is not true."

- 11:04:11am: "Why does prosecution have an obsession with trying to accuse people of wrong crimes?"

- 11:04:17am: "Would you appreciate that? You injure a child and the prosecution keeps saying it and he's lying."

- 11:06:55am: "According to someone who won't tell you the truth about anything, the police don't know."

- 11:10:30am: "If I can get a conviction on the child, they give me some more money. That's what it sounds like to me. There is a massive reason to people not to be honest."

- 11:14:36am: "The prosecution will tell you funny stories."

- 11:18:43am: "Who doesn't want to talk? The prosecution who's lying about the child or sneak around and get photos last week after two years or there may be something not in the medical records. Maybe the prosecution should do their law enforcement duty and find out if somebody was prescribed drugs and shouldn't be driving."

- 11:20:30am: "Should you believe somebody that won't tell you the truth and kept saying the child was injured and made up that the child had a neck brace too?"

- 11:23:03am: "You should hold it against the prosecution for charging the child. You should. Because they will tell you something not true."

- 11:25:10am: "We have a bunch of things in the system to stop that, but not on Guam. Nobody cares. Charge the child. I'll make it up. . . I'm the Attorney General's Office. I'll just falsify it. Don't matter."

- 11:25:58am: "They're liars, you can't deal with them."

- 11:26:38am: "I am attacking you, Mr. Brown."

- 11:26:45am: "The issue here today is the prosecution is a liar, he's a scumbag. And the witnesses are too."

- 11:26:59am: "The person that should be sanction should be Mr. Brown for falsifying against my client that he injured a child. He is a scumbag for it."

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 2 of 7

- 11:29:38am: ". . . my personal opinions about him, a prosecutor does not care about rule of law."

The People filed their Motion on July 20, 2020. In their Motion, the People argue that Attorney Kingree's remarks during closing argument violate various provisions of the Guam Rules of Professional Conduct ("GRPC"). Mot. at 5.

Attorney John Morrison filed a response on behalf of the Public Defender Service Corporation ("PDSC"). *See* Public Defender Service Corporation's Response to People's Motion for Sanctions (Aug. 3, 2020). Attorney Morrison indicated that the PDSC did not accept service on behalf of Attorney Kingree.[1]

The People filed their reply on August 11, 2020. *See* People's Reply to Public Defender Service Corporation's Response to People's Motion for Sanctions ("Reply") (Aug. 11, 2020). The People indicated they would make efforts to personally serve Attorney Kingree and that (1) the motion is timely, (2) the People complied with the Court's order to provide a transcript, (3) Attorney Brown should not be disqualified as the attorney to argue the motion, and (4) Attorney Kingree's conduct violated the GRPC.

On September 8, 2020, the Court issued an Order requiring the People to affect service upon Attorney Kingree by September 14, 2020. *See* Order at 1 (September 8, 2020). On September 11, 2020, the People filed a notice indicating that Attorney Kingree was personally served on September 11, 2020. *See* People's Notice to Court That Personal Service was Accomplished (Sept. 11, 2020).

On November 3, 2020, the Court issued a Notice of Remote Hearing to both Attorneys Brown and Kingree. The Court held a hearing on November 20, 2020. Attorney Kingree did not appear for the scheduled hearing. Following the hearing, the Court took the matter under advisement.

## DISCUSSION

The Guam Legislature has laid out by statute a list of acts or omissions which constitute contempt of court. *See* 7 G.C.A. § 34101(a). Relevant here is the following act: "Misbehavior in

[1] As the PDSC has indicated they do not accept service on behalf of Attorney Kingree nor advance arguments on his behalf, the Court declines to consider the arguments raised in the PDSC's response.

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 3 of 7

office, or other wilful neglect or <u>violation of duty by an attorney</u>, counsel, clerk, commissioner, or other person, appointed or elected to perform a judicial or ministerial service." *Id.* § 34101(a)(3). Imposed upon all attorneys licensed to practice law on Guam are the Rules of Professional Conduct. The Court finds that Attorney Kingree wilfully violated the Rules of Professional Conduct as explained below.

## I. Attorney Kingree's Conduct Violates GRPC 3.4(e)

Guam Rule of Professional Conduct 3.4, "Fairness to Opposing Party and Counsel," provides as follows:

> A lawyer shall not . . . in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused . . . .

GRPC 3.4(e). As stated above, Attorney Kinrgee made the following statements during closing arguments:

- 11:10:30am: "If I can get a conviction on the child, they give me some more money. That's what it sounds like to me. There is a massive reason to people not to be honest."

- 11:26:45am: "The issue here today is the prosecution is a liar, he's a scumbag. And the witnesses are too."

- 11:29:38am: ". . . my personal opinions about him, a prosecutor who does not care about rule of law."

Attorney Kingree's statement that if the People obtain a conviction against Defendant then Attorney Brown will receive more money violates the rule against alluding to any matter that a lawyer does not reasonably believe will be supported by admissible evidence. Attorney Kingree's statement that not only is Attorney Brown a liar and a scumbag but that the witnesses are as well runs afoul of the rule against stating a personal opinion as to the credibility of witnesses. Attorney Kingree's statement about his personal opinions that Attorney Brown does not care about the rule of law violates the rule against stating a personal opinion as to the justness of a cause.

Therefore, the Court finds that Attorney Kingree's conduct during closing argument violated GRPC 3.4(e).

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page **4** of 7

## II. Attorney Kingree's Conduct Violates GRPC 8.4(a) and (d).

Guam Rule of Professional Conduct 8.4, "Misconduct," provides as follows: "It is professional misconduct for a lawyer to . . . (a) violate or attempt to violate the Rules of Professional Conduct . . . (d) engage in conduct that is prejudicial to the administration of justice." GRPC 8.4(a), (d). As stated above, Attorney Kinrgee made the following statements during closing arguments:

- 11:03:44am: "I already knew he would fall on his face about the child. I knew he would trip and fall right into something because the prosecutor will sell you something. He is a man that will sell a ketchup snow cone to a woman with white gloves. A lot of people would call it cheap."

- 11:04:00am: "Used car salesman stuff. Don't trust [Attorney Brown]. He will tell you something that is not true."

- 11:04:11am: "Why does prosecution have an obsession with trying to accuse people of wrong crimes."

- 11:04:17am: "Would you appreciate that? You injure a child and the prosecution keeps saying it and he's lying."

- 11:06:55am: "According to someone who won't tell you the truth about anything, the police don't know."

- 11:14:36am: "The prosecution will tell you funny stories."

- 11:18:43am: "Who doesn't want to talk? The prosecution who's lying about the child or sneak around and get photos last week after two years or there may be something not in the medical records. Maybe the prosecution should do their law enforcement duty and find out if somebody was prescribed drugs and shouldn't be driving."

- 11:20:30am: "Should you believe somebody that won't tell you the truth and kept saying the child was injured and made up that the child had a neck brace too?"

- 11:23:03am: "You should hold it against the prosecution for charging the child. You should. Because they will tell you something not true."

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 5 of 7

- 11:25:10am: "We have a bunch of things in the system to stop that, but not on Guam. Nobody cares. Charge the child. I'll make it up. . . I'm the Attorney General's Office. I'll just falsify it. Don't matter."
- 11:25:58am: "They're liars, you can't deal with them."
- 11:26:45am: "The issue here today is the prosecution is a liar, he's a scumbag. And the witnesses are too."
- 11:29:38am: ". . . my personal opinions about him, a prosecutor does not care about rule of law."

A large portion of Attorney Kingree's closing argument focused on attacking Attorney Brown. Attorney Kingree made numerous remarks regarding the truthfulness of Attorney Brown, calling him a liar and a scumbag. Attorney Kingree is entitled to his opinion of Attorney Brown. However, when Attorney Kingree voiced his opinions and arguments as to the character and truthfulness of Attorney Brown to the jury, Attorney Kingree crossed the ethical line of engaging in conduct that is prejudicial to the administration of justice.

"The purpose of closing arguments is to assist the jury in analyzing the evidence." *United States v. Hasner*, 340 F.3d 1261, 1275 (11th Cir. 2003) (citing *United States v. Iglesias*, 915 F.2d 1524, 1529 (11th Cir. 1990)). As the 11th Circuit succinctly stated, "there is no prohibition on 'colorful and perhaps flamboyant' remarks if they relate to the evidence adduced at trial." *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997) (quoting *United States v. Jacoby*, 955 F.2d 1527, 1541 (11th Cir. 1992)). None of Attorney Kingree's aforementioned inflammatory remarks against Attorney Brown can be said to assist the jury in analyzing the evidence. The Court finds that the sole purpose of these remarks was to attack the character of Attorney Brown.

Therefore, the Court finds that Attorney Kingree's conduct during closing argument violated GRPC 8.4(a) and (d).

## III. Penalty Imposed

"Any person found guilty of a contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 G.C.A. § 34101(b). "A person

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 6 of 7

who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding . . . Five Hundred Dollars ($500.00), when the conviction is of a petty misdemeanor or violation." 9 G.C.A. § 80.50(d). The Court finds the maximum allowable penalty under statute is appropriate here. Attorney Kingree made numerous personal attacks against the character of Attorney Brown. Attorney Kingree admitted to doing so during closing argument. When Attorney Brown objected to Attorney Kingree's remarks against him, Attorney Kingree stated, "I am attacking you, Mr. Brown." CR at 11:26:38am. The Court finds that a fine of five hundred dollars ($500.00) is appropriate to deter similar conduct on the part of Attorney Kingree at future hearings and proceedings.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's Motion. Attorney Rocky Kingree is hereby **ORDERED** to personally pay a fine of five hundred dollars ($500.00) for his contemptuous behavior during closing arguments on January 8, 2020. Mr. Kingree shall submit a personal check payable to the Superior Court of Guam to the Financial Management Division within 15 days from the date of this order.

**IT IS SO ORDERED** this December 21, 2020.



———————————————————
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion for Sanctions
CF0490-17, *People of Guam v. Herman*
Page 7 of 7